**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
CAROLINE TRUELSON,

                        Plaintiff,

       - against -

ZICANA HOLDINGS LLC d/b/a ZICANA SURFACES,

                        Defendant.
-----------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, Caroline Truelson, by her attorney, The Law Office of Joshua P. Frank, PLLC, hereby complains of the Defendant, Zicana Holdings LLC d/b/a Zicana Surfaces, as follows:

**NATURE OF THE CASE**

1. Plaintiff Caroline Truelson complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (hereinafter the "ADA") and the New York State Human Rights Law, New York State Executive Law § 296 *et seq.* (hereinafter the "NYSHRL"), and seeks damages to redress the injuries she has suffered for being subjected to discrimination by the Defendant because of her disability (Epilepsy).

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is proper under 42 U.S.C. § 12101 *et seq.* and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's NYSHRL claim pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Defendant's place of business is located within the Eastern District.

## PROCEDURAL PREREQUISITES

5. The Plaintiff filed a charge of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. The Plaintiff received a notice of her right to file suit from the EEOC, dated January 19, 2023, with respect to the aforementioned charge of discrimination.

7. This action has been commenced within 90 days of receipt of the aforementioned notice.

## PARTIES

8. Plaintiff Caroline Truelson is a resident of the State of New York and Nassau County.

9. Defendant Zicana Holdings LLC d/b/a Zicana Surfaces (hereinafter "Zicana") is a domestic limited liability company, duly organized and existing under the laws of the state of New York. Zicana's principal place of business is located at 58 Sylvester Street, Westbury, New York 11590.

10. At all times relevant, Zicana specialized in the provision of luxury countertops.

11. The Defendant is a covered employer under both the ADA and NYSHRL.

## MATERIAL FACTS

12. On or about June 17, 2022, the Plaintiff applied for the "Executive Assistant" posting with Zicana.

13. On or about June 23, 2022, the Plaintiff interviewed with Zicana's C.E.O., Francesco Marasco.

14. The following day, Zicana hired the Plaintiff with the title of "Personal Assistant," with an annual salary of $60,000.00.

15. The Plaintiff commenced her employment for the Defendant on July 11, 2022 at its place of business located at 58 Sylvester Street, Westbury, New York 11590.

16. On her first day of employment, the Plaintiff disclosed her disability (Epilepsy). The Plaintiff explained to Mr. Marasco what to do in the event she had a seizure, in response to Mr. Marasco's inquiry in that regard.

17. On July 12, 2022, the Plaintiff began training and acclimating to her position.

18. The Plaintiff, *inter alia*, began working with Excel spreadsheets, handling bills and mail, filing and organizing, and various other tasks.

19. Thereafter, on the morning of August 5, 2022, the Plaintiff had a seizure at the Defendant's office.

20. The Defendant's personnel summoned medics to the office, and the Plaintiff was cleared to avoid going to the hospital. Although the Plaintiff should have gone home, she decided to remain at work to demonstrate her dedication to the job.

21. On August 11, 2022, just six days after the Plaintiff's seizure, however, the Defendant terminated her employment.

22. Defendant's Human Resources Manager and Sales Manager told the Plaintiff her employment was terminated because "it's not a good fit."

23. The following day, Mr. Marasco spoke to the Plaintiff via telephone and recorded their conversation.

24. Mr. Marasco told the Plaintiff that a "Personal Assistant" should be able to drive, which, he knew, the Plaintiff's disability prevented her from doing. (The Defendant's Indeed job description does not mention anything about driving, and Mr. Marasco did not mention driving as a job duty in his interview with the Plaintiff).

25. Mr. Marasco terminated the Plaintiff's employment due to her disability, just six days after her seizure.

26. Prior to the aforementioned telephone conversation, Mr. Marasco had not provided the Plaintiff with any job-related criticism.

27. The Plaintiff's disability (Epilepsy) constitutes an impairment that substantially limits the function of Plaintiff's neurological system, within the meaning of § 12102(1)(A), (C), and (2)(B) of the ADA.

28. Plaintiff remains a qualified individual who can perform the essential functions of her former employment, as defined by § 12111(8) of the ADA.

29. Pursuant to § 12111(8) of the ADA, the Defendant did not list driving as a function of the job in its Indeed job posting's "Full Job Description." Nor did Mr. Marasco mention driving as a function of the job in the Plaintiff's job interview.

30. In light of the foregoing, it is evident that the Defendant discriminated against the Plaintiff by terminating her employment due to her disability.

31. As a result of the acts and conduct complained of herein, the Plaintiff has suffered, and will continue to suffer, a substantial loss of income, the loss of a salary, bonuses, retirement, health, and other benefits, and other compensation which stemmed from her employment.

32. Furthermore, the Plaintiff has also suffered future pecuniary losses, emotional distress, pain and suffering, and other non-pecuniary losses.

33. The Defendant's conduct has been malicious, willful, outrageous, and/or reckless and conducted with full knowledge of the law. As such, the Plaintiff demands punitive damages against the Defendant.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE ADA

34. The Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

35. The Plaintiff claims that the Defendant violated the ADA, *as amended*, 42 U.S.C. § 12101, *et seq*.

36. Title 42 of the ADA, Chapter 126, Subchapter I, § 12112, Discrimination [§ 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

37. As alleged in the factual averments of this Complaint, the Defendant engaged in unlawful discriminatory practices against the Plaintiff by terminating her employment due to her disability.

## SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NYSHRL

38. The Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

39. Executive Law § 296 (1)(a) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, gender identity or expression, military status, sex, <u>disability</u>, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms,

conditions or privileges of employment."

40. As alleged in the factual averments of this Complaint, the Defendant engaged in unlawful discriminatory practices against the Plaintiff by terminating her employment due to her disability.

## JURY DEMAND

41. Plaintiff Caroline Truelson hereby requests a trial by jury.

**WHEREFORE**, the Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that the Defendant engaged in unlawful employment practices prohibited by the ADA and the NYSHRL in that the Defendant discriminated against the Plaintiff on the basis of her disability;

B. Awarding damages to the Plaintiff for all lost wages and benefits resulting from the Defendant's unlawful discrimination and to otherwise make the Plaintiff whole for any and all economic losses suffered as a result of such unlawful employment practices;

C. Awarding the Plaintiff compensatory damages for emotional distress, mental anguish, pain and suffering, exacerbation of her disability, and other non-pecuniary losses;

D. Awarding the Plaintiff punitive damages;

E. Awarding the Plaintiff attorney's fees, costs, disbursements, and expenses incurred in the prosecution of this action; and

F. Awarding the Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated:  Carle Place, New York
        January 24, 2023

                                      **THE LAW OFFICE OF**
                                      **JOSHUA P. FRANK, PLLC**

                                      *Joshua P. Frank*
By:   _____

                                      **Joshua P. Frank, Esq.**
                                      *Attorney for Plaintiff*
                                      1 Old Country Road, Suite 385
                                      Carle Place, New York 11514
                                      (516) 416-4444
                                      jfrank@jpfranklaw.com